UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL H. FISSEHA, an individual, and BERHANEMESKEL W. GEBRESELASSIE, an individual,<br><br>                Plaintiffs,<br><br>vs.<br><br>KING COUNTY DEPARTMENT OF METROPOLITAN SERVICES, d/b/a KING COUNTY METRO TRANSIT, is an agency of KING COUNTY,<br><br>                Defendant | No. 2:23-cv-00430<br><br>DEFENDANT'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT FOR DAMAGES |

Defendant King County ("Defendant"), in answer to Plaintiffs' Amended Complaint ("complaint"), admit, deny, and state as follows:

**I.     PARTIES, JURISDICTION, AND VENUE**

1.1     <u>Status of Plaintiff Fisseha</u>. Plaintiff Daniel H. Fisseha is an individual residing in King County, Washington.

**ANSWER:** Admitted.

1.2     <u>Status of Plaintiff Gebreselassie</u>. Plaintiff Berhanemeskel W. Gebreselassie is an individual residing in Snohomish County, Washington.

**ANSWER:** Admitted.

DEFENDANT'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT FOR DAMAGES - 1

**Leesa Manion** (she/her), Prosecuting Attorney
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 296-9000, FAX (206) 296-0955

1.3 <u>Status of Defendant King County</u>. Defendant King County is a home rule chart county of the state of Washington. Upon information and belief, defendant King County Department of Metropolitan Services is owned, operated, and/or maintained by defendant King County.

**ANSWER:** Defendant admits that King County is a home rule county and a political subdivision of the State of Washington, and that King County operates buses for public transit through Metro Transit. Any other or different allegations are denied.

1.4 <u>Status of Defendant King County Department of Metropolitan Services</u>. Defendant King County Department of Metropolitan Services, d/b/a King County Metro Transit, is an agency of defendant King County. Upon information and belief, it is controlled, operated and/or maintained by defendant King County.

**ANSWER:** Defendant admits only that Metro Transit is a department of King County.

1.5 <u>Jurisdiction</u>. This court has jurisdiction over the subject matter and parties in this civil action.

**ANSWER:** This allegation was made in the original and amended complaints filed in King County Superior Court and Defendants have removed this matter to the Western District of Washington, rendering this question moot.

1.6 <u>Venue</u>. Venue is proper in King County, Washington.

**ANSWER:** This allegation was made in the original and amended complaints filed in King County Superior Court and Defendants have removed this matter to the Western District of Washington, rendering this question moot.

DEFENDANT'S ANSWER TO PLAINTIFFS'
AMENDED COMPLAINT FOR DAMAGES - 2

**Leesa Manion** (she/her), Prosecuting Attorney
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 296-9000, FAX (206) 296-0955

## II. FACTS

2.1  Fisseha and Gebreselassie both work for Defendant King County Metro Transit (KC Metro). Plaintiffs both hired in as transit operators in 2008 and now both hold the position of transit supervisor.

**ANSWER:** Admitted.

2.2  Fisseha and Gebreselassie are both Ethiopian immigrants and on occasion converse with each other in their native language, Amharic.

**ANSWER:** Admitted.

2.3  On or about May 5, 2021, while at work, Fisseha's and Gebreselassie's supervisor, Chief Riceda Stewart, directed that Fisseha and Gebreselassie could no longer speak Amharic in the workplace while in the presence of other employees. Chief Stewart further stated that by conversing in Amharic they were not "presenting and acting like a professional." Chief Stewart continued that they could only speak English at work and if they wanted to speak Amharic, they would have to find a private room for the conversation. Chief Stewart concluded by noting that Fisseha's and Gebresellassie's superintendent, Dennis Lock, had knowledge of and approved Chief Stewart's English-only directive to them.

**ANSWER:** Defendant King County admits only that on May 5, 2021, Chief Riceda Stewart directed Plaintiffs Fisseha and Gebreselassie to be more discreet and use a separate room when speaking in Amharic to each other.  Defendant King County lacks knowledge or information as to admit or deny the rest of the allegations in this paragraph and, therefore, denies the same.  Any other or different allegations are denied.

2.4  Upon information and belief, prior to May 5, 2021, a coworker told Chief Stewart that while in a public office, Fisseha and Gebreselassie were conversing in a language other than

DEFENDANT'S ANSWER TO PLAINTIFFS'
AMENDED COMPLAINT FOR DAMAGES - 3

English. Chief Stewart and Superintendent Lock then met to discuss how to address the issue and decided on the English-only rule to implement against them.

**ANSWER:** Defendant King County admits only that a Metro employee told Chief Stewart that while in a Metro dispatch office Plaintiffs Fisseha and Gebreselassie were conversing in a language other than English. Defendant King County admits that Chief Stewart and Superintendent Dennis Lock discussed by telephone how to address the issue. The remaining allegations in this paragraph are denied.

2.5   Chief Stewart and Superintendent Lock did not investigate to determine the validity of the complaint; seek input or guidance from Fisseha or Gebreselassie, other employees, or departments before implementation of the English-only rule against them; or consider the impact of the English-only rule on them.

**ANSWER:** Denied. Further, this paragraph contains legal conclusions, such as "the validity of the complaint," which do not require an answer. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.

2.6   After Chief Stewart informed Fisseha and Gebreselassie of the English-only rule, they requested the rule and its terms in writing. Chief Stewart indicated they would receive follow-up communication regarding the rule in writing. They never received any follow-up correspondence regarding the English-only rule.

**ANSWER:** Defendant King County admits only that Plaintiffs Fisseha and Gebreselassie requested a written communication. The remaining allegations in this paragraph are denied.

DEFENDANT'S ANSWER TO PLAINTIFFS'
AMENDED COMPLAINT FOR DAMAGES - 4

**Leesa Manion** (she/her), Prosecuting Attorney
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 296-9000, FAX (206) 296-0955

2.7  Shortly thereafter Fisseha and Gebreselassie reported KC Metro's imposition of the English-only rule on them to the KC Metro Office of Equal Employment Opportunity, Equity and Inclusion (the EEO Office). Upon information and belief, the EEO Office contacted Chief Stewart and Superintendent Lock informing them that Gebreselassie and Fisseha had filed a report and providing guidance on the English-only rule. A copy of KC Metro's Finding Report of the EEO Office is attached hereto as Exhibit 1.

**ANSWER:** Defendant King County admits only that Fisseha and Gebreselassie reported KC Metro's Office of Equal Employment Opportunity, Equity and Inclusion (the EEO Office) and that the EEO Office contacted Chief Stewart and Superintendent Lock informing them that Gebreselassie and Fisseha had filed a report. All other allegations are denied.

2.8  After disclosure of the report, Fisseha and Gebreselassie were subjected to retaliation by KC Metro. Specifically, their schedules were changed numerous times to make them take inconsistent and unfavorable shifts, which had not been the practice before reporting Chief Stewart and Superintendent Lock, and their overall workload was increased. Gebreselassie and Fisseha were also accused of cheating on training.

**ANSWER:** Denied.

2.9  Following the report to the EEO Office, conditions grew so intolerable for Mr. Fisseha that he was forced to take leave due to stress and anxiety. Due to this leave, he used all of his paid leave and was out for a period of unpaid leave to cope with the conditions as a result of KC Metro's retaliation. Mr. Fisseha's only option was to transfer to another division where he would not experience retaliation. This transfer required him to take less desirable "graveyard" shifts.

DEFENDANT'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT FOR DAMAGES - 5

**Leesa Manion** (she/her), Prosecuting Attorney
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 296-9000, FAX (206) 296-0955

**ANSWER:** Defendant King County admits only that Plaintiff Fisseha took leave and picked a new assignment at his next opportunity to select work.  Plaintiff Fisseha returned to an assignment to work with Chief Riceda Stewart again in 2022.  All other allegations denied.

2.10  Following the report to the EEO Office, conditions grew so intolerable for Mr. Gebresselassie that he also took leave due to stress and anxiety. He exhausted all his paid leave. Due to the stress and anxiety, Mr. Gebresselassie felt his only option was to transfer to another division with less desirable shifts.

**ANSWER:** Defendant King County admits that Plaintiff Gebreselassie took leave and picked a new assignment at his next opportunity to select work.  All other allegations denied.

2.11  Upon information and belief, KC Metro intentionally discriminated against Fisseha and Gebresselassie and acted maliciously or with reckless indifference.

**ANSWER:** Denied.

### III.  ADMINISTRATIVE PROCEDURES

3.1  The EEO Office's investigative and finding report concerning the County's implementation of the English-only rule to plaintiffs was issued March 1, 2022. The EEOC issued notices of right to sue for Gebreselassie and Fisseha on November 25, 2022.

**ANSWER:** Defendant King County admits only that the EEO Office's investigative and finding report was issued on March 1, 2022.  Defendant King County admits that the EEOC issued notices of right to sue for Gebreselassie and Fisseha on November 25, 2022.  All other allegations are denied.

DEFENDANT'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT FOR DAMAGES - 6

Leesa Manion (she/her), Prosecuting Attorney
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 296-9000, FAX (206) 296-0955

3.2  The Washington Human Rights Commission investigated Gebresselassie's and Fisseha's complaints and issued notices of right to sue for Gebresselassie and Fisseha on October 21, 2022.

**ANSWER:** Defendant King County lacks knowledge or information as to admit or deny the rest of the allegations in this paragraph and, therefore, denies the same. Any other or different allegations are denied.

3.3  Mr. Fisseha's claim for damages was filed with King County on January 5, 2023. More than 60 days have elapsed since the tort claim for damages was properly served or filed.

**ANSWER:** Defendant King County admits that a Claim for Damages form (#75019) for Daniel Fisseha dated September 3, 2022, was received by King County Office of Risk Management on January 5, 2023. All other allegations are denied.

3.4  Mr. Gebreselassie's claim for damages was filed with or served upon King County on September 14, 2022. More than 60 days have elapsed since the tort claim for damages was properly served or filed.

**ANSWER:** Defendant King County admits that a Claim for Damages form (#74467) for Berhanemeskel Gebreselassie dated September 13, 2022, was received by King County Office of Risk Management on September 14, 2022. All other allegations are denied.

### IV.    CAUSES OF ACTION

#### A. CAUSE OF ACTION ONE: VIOLATION OF TITLE VII OF THE 1964 CIVIL RIGHTS ACT AND – DISCRIMINATION

4.1  Fisseha and Gebreselassie reallege and incorporate all prior allegations as though restated in full herein.

**ANSWER:** Defendant King County re-alleges its previous responses to Plaintiffs' complaint as it is fully set forth herein.

DEFENDANT'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT FOR DAMAGES - 7

**Leesa Manion** (she/her), Prosecuting Attorney
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 296-9000, FAX (206) 296-0955

4.2 Title VII and WLAD all adhere to this framework. To plead a prima facia claim for discrimination under Title VII and the WLAD, a plaintiff must allege: (1) plaintiff belonged to a protected class; (2) plaintiff performed the job to legitimate expectation; (3) plaintiff suffered an adverse employment action; and (4) employees with similar qualifications were treated more favorably or some circumstance suggests discriminatory motive. See Godwin v. Hunt Wesson, Inc., 150 F.3d 1217 (9th Cir. 1998); see also Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate, 470 F.3d 827, 837-38 (9th Cir. 2006) (affirming that Title VII substantive standards apply to a § 1981 claim); Mikkelsen v. Pub. Util. Dist. No. 1 of Kittitas Cnty., 189 Wash.2d 516, 404 P.3d 464, 470-71 (2017) (applying McDonnell Douglas framework to claims under the WLAD).

**ANSWER:** Defendant King County makes no response as it appears to contain legal conclusions for which no response is required. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.

4.3 Through the actions of Chief Stewart and Superintendent Lock, KC Metro discriminated against Fisseha and Gebreselassie with respect to the terms, conditions, or privileges of employment because of national origin, in violation of 42 U.S.C. § 2000e-2(a)(1).

**ANSWER:** Denied.

4.4 Specifically, Plaintiffs belonged to a protected class based on their national origin. Specifically, plaintiffs are Ethiopian and were conversing in their native language, Amharic.

**ANSWER:** Defendant King County makes no response as it appears to contain legal conclusions for which no response is required. However, to the extent factual allegations

DEFENDANT'S ANSWER TO PLAINTIFFS'
AMENDED COMPLAINT FOR DAMAGES - 8

Leesa Manion (she/her), Prosecuting Attorney
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 296-9000, FAX (206) 296-0955

are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.

4.5   Plaintiffs were performing their jobs to the reasonable expectation of defendants.

**ANSWER:** Defendant King County makes no response as it appears to contain legal conclusions for which no response is required.  However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.

4.6   Plaintiffs suffered an adverse action in that they were told their national origin identities made people uncomfortable and were not appropriate in the workplace, and were forced to endure an intimidating, hostile, or abusive work environment because of using their native language.

**ANSWER:** Denied.

4.7   Other employees with the same qualifications, but who were not conversing in Amharic, were treated more favorably. Specifically, such employees were not singled out and told that they needed to use a private room to speak in their native language. Such employees were not reprimanded for being "unprofessional." Further, such employees did not have their scheduling changed erratically, or put on different shifts from others of the same national origin.

**ANSWER:** Denied.

4.8   Fisseha and Gebresselassie have been damaged in an amount to be determined at trial.

**ANSWER:** Denied.

DEFENDANT'S ANSWER TO PLAINTIFFS'
AMENDED COMPLAINT FOR DAMAGES - 9

**Leesa Manion** (she/her), Prosecuting Attorney
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 296-9000, FAX (206) 296-0955

### B. CAUSE OF ACTION TWO: VIOLATION OF TITLE VII – RETALIATION

5.1 Fisseha and Gebreselassie reallege and incorporate all prior allegations as though restated in full herein.

**ANSWER:** Defendant King County re-alleges its previous responses to Plaintiffs' complaint as it is fully set forth herein.

5.2 To make a claim for retaliation, plaintiffs must show (1) they engaged in protected activity; (2) the defendants took an adverse action against plaintiffs; and (3) there was a causal link between plaintiffs' protected activity and the adverse action taken by defendants. Passantino v. Johnson & Johnson Consumer Prods., Inc., 212 F.3d 493, 506 (9th Cir. 2000).

**ANSWER:** Defendant King County makes no response as it appears to contain legal conclusions for which no response is required. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.

5.3 KC Metro retaliated against Fisseha and Gebreselassie for opposing unlawful or discriminatory employment practices, in violation of 42 U.S.C. § 2000e-3(a).

**ANSWER:** Denied.

5.4 Fisseha and Gebreselassie engaged in protective activity by filing a complaint against Chief Stewart and Superintendent Lock for their imposition of the English-only policy for plaintiffs.

**ANSWER:** Defendant King County makes no response as it appears to contain legal conclusions for which no response is required. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.

DEFENDANT'S ANSWER TO PLAINTIFFS'
AMENDED COMPLAINT FOR DAMAGES - 10

**Leesa Manion** (she/her), Prosecuting Attorney
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 296-9000, FAX (206) 296-0955

5.5 Defendants took an adverse action against plaintiffs by inconsistently changing their schedules to force them into unfavorable shifts; promoting a work environment that was an intimidating, hostile, or abusive work environment; and generally causing Fisseha and Gebreselassie's stress and anxiety as a result of their reporting the English-only policy.

**ANSWER:** Denied.

5.6 There is a causal connection between the protected activity and the adverse actions taken by Defendants—inconsistent changes in scheduling did not occur until after plaintiffs reported the violative English-only policy. Further, other similarly situated employees, who were not subjected to or did not file a complaint regarding the English-only directive, did not experience these adverse actions.

**ANSWER:** Defendant King County makes no response as it appears to contain legal conclusions for which no response is required. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.

5.7 Fisseha and Gebresselassie have been damaged in an amount to be determined at trial.

**ANSWER:** Denied.

C. **CAUSE OF ACTION THREE: VIOLATION OF THE WLAD – DISCRIMINATION**

6.1 Fisseha and Gebreselassie reallege and incorporate all prior allegations as though restated in full herein.

**ANSWER:** Defendant King County re-alleges its previous responses to Plaintiffs' complaint as it is fully set forth herein.

DEFENDANT'S ANSWER TO PLAINTIFFS'
AMENDED COMPLAINT FOR DAMAGES - 11

**Leesa Manion** (she/her), Prosecuting Attorney
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 296-9000, FAX (206) 296-0955

6.2 The Washington Law Against Discrimination contained within RCW Title 49.60 provides that an individual has the right to be free from discrimination because of national origin in their right to hold employment. See RCW 49.60.030.

**ANSWER:** Defendant King County makes no response as it appears to contain legal conclusions for which no response is required. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.

6.3 Discrimination claims under WLAD follow the same elements and burden shifting analysis as claims made under Title VII. See Hegwine v. Longview Fibre Co., 162 Wn.2d 340, 355 (2007).

**ANSWER:** Defendant King County makes no response as it appears to contain legal conclusions for which no response is required. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.

6.4 As stated above, through the actions of Chief Stewart and Superintendent Lock, KC Metro discriminated against Messrs. Fisseha and Gebreselassie with respect to the terms or conditions of employment because of national origin, in violation of RCW 49.60.030(1)(a) and 49.60.180(3).

**ANSWER:** Denied.

### D. CAUSE OF ACTION FOUR: VIOLATION OF WLAD – RETALIATION

7.1 Fisseha and Gebreselassie reallege and incorporate all prior allegations as though restated in full herein.

DEFENDANT'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT FOR DAMAGES - 12

**Leesa Manion** (she/her), Prosecuting Attorney
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 296-9000, FAX (206) 296-0955

**ANSWER:** Defendant King County re-alleges its previous responses to Plaintiffs' complaint as it is fully set forth herein.

7.2   The Washington Law Against Discrimination contained within RCW Title 49.60 provides that an individual has the right to be free from employer retaliation for opposing unlawful or discriminatory employment practices. See RCW 49.60.210(1).

**ANSWER:** Defendant King County makes no response as it appears to contain legal conclusions for which no response is required. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.

7.3   Retaliation claims under the WLAD follow the same elements as claims made under Title VII. See Cornwall v. Microsoft Corp., 192 Wn.2d 403, 411-12 (2018); Kahn v. Salerno, 90 Wn. App. 110, 129 (1998).

**ANSWER:** Defendant King County makes no response as it appears to contain legal conclusions for which no response is required. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.

7.4   As stated above, KC Metro impermissibly retaliated against Fisseha and Gebreselassie, in violation of RCW 49.60.210(1).

**ANSWER:** Denied.

### V.   PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for judgement as follows:

(1) Actual and compensatory damages;

(2) Punitive damages;

DEFENDANT'S ANSWER TO PLAINTIFFS'
AMENDED COMPLAINT FOR DAMAGES - 13

**Leesa Manion** (she/her), Prosecuting Attorney
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 296-9000, FAX (206) 296-0955

(3) Interest;

(4) Equitable adjustment for any tax consequences;

(5) An injunction prohibiting English-language only discrimination, commanding the defendant adopt a new, compliant, written policy and train management to comply with it; to report to the court compliance and any substantially similar complaints, civil actions, or charges of discrimination for the next six years;

(6) Attorney's fees and costs; and

(7) For such other and further relief as the Court may deem just and proper.

**ANSWER:** Defendant denies that plaintiffs are entitled to recover any of the relief sought in plaintiffs' request for relief. Defendant denies any remaining allegations contained in plaintiffs' complaint not expressly admitted herein.

BY WAY OF FURTHER ANSWER and AFFIRMATIVE DEFENSES, and without admitting anything previously denied, Defendant King County states as follows:

1. Plaintiffs have failed to state a claim upon which relief may be granted.

2. Plaintiffs have failed to exhaust the administrative process.

3. If the plaintiffs suffered any damages, recovery therefore may be barred by the plaintiffs' failure to mitigate damages.

4. Plaintiffs' injuries and damages, if any, may have pre-existed this incident.

5. Defendant is not liable for pre-judgment interest because the State of Washington, of which King County is a political subdivision, has not consented to such prejudgment interest. RCW 4.56.115.

6. Plaintiffs' injuries and damages, if any, were proximately caused by the negligence and/or fault of the plaintiffs.

DEFENDANT'S ANSWER TO PLAINTIFFS'
AMENDED COMPLAINT FOR DAMAGES - 14

**Leesa Manion** (she/her), Prosecuting Attorney
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 296-9000, FAX (206) 296-0955

7. The injuries and damages, if any, claimed by the plaintiffs herein, arise out of a condition of which plaintiffs had knowledge and to which plaintiffs voluntarily subjected themselves.

8. King County and its employees at all times acted in good faith in the performance of their duties and are therefore immune from suit for the matters charged in Plaintiffs' Amended Complaint.

9. All actions of King County manifest a reasonable exercise of judgment and discretion by authorized public officials made in the exercise of governmental authority entrusted to them by law and are neither tortious nor actionable.

10. Defendant King County has not breached any express or implied contract.

11. King County at all times acted in good faith and on the reasonable belief that it was acting in accordance with the law and the applicable collective bargaining agreements in the performance of its duties.

Defendant King County reserves the right to amend this Amended Answer, including these affirmative defenses, if and when additional facts are discovered which support such amendments.

WHEREFORE, Defendant King County prays as follows:

That plaintiffs take nothing by their complaint, that the complaint be dismissed with prejudice, that Defendant be awarded their costs and reasonable attorney's fees incurred herein and for such other and further relief as the Court deems just and equitable.

DATED this 31st day of March, 2023.

LEESA MANION (she/her)
King County Prosecuting Attorney

By:/S/Dana Tumenova
DANA TUMENOVA, WSBA #33996
Senior Deputy Prosecuting Attorney
Email: dtumenova@kingcounty.gov
Attorney for Defendant King County

DEFENDANT'S ANSWER TO PLAINTIFFS'
AMENDED COMPLAINT FOR DAMAGES - 15

Leesa Manion (she/her), Prosecuting Attorney
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 296-9000, FAX (206) 296-0955

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that, on March 31st, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF E-Filing system which will send notification of such filing to the following:

**Aaron Rocke**
**Rocke Law Group**
**500 Union Street, Suite 909**
**Seattle, WA 98101**
**Email: aaron@rockelaw.com**
**service@rockelaw.com**

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 31st day of March, 2023.

*s/Maggie Weeks*
Maggie Weeks
Paralegal I – Litigation Section
King County Prosecuting Attorney's Office

DEFENDANT'S ANSWER TO PLAINTIFFS'
AMENDED COMPLAINT FOR DAMAGES - 16

**Leesa Manion** (she/her), Prosecuting Attorney
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 296-9000, FAX (206) 296-0955